IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2, 2024 Session

## TURNER CONSTRUCTION COMPANY v. AGCS MARINE INSURANCE COMPANY D/B/A ALLIANZ GLOBAL CORPORATE & SPECIALTY

Appeal from the Chancery Court for Davidson County
No. 22-0256-II    Anne C. Martin, Chancellor

---

### No. M2023-01178-COA-R3-CV

---

The cabinets delivered from a Turkish company for a Tennessee construction project did not meet United States formaldehyde standards and could not be used as they were. The construction management company filed an insurance claim. The insurance company denied the claim and the construction management company sued. The trial court found for the construction management company and the insurance company appealed. We have determined that the trial court's order was not final and, therefore, dismiss the appeal and remand the matter for further consideration.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Case Remanded to the Chancery Court**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Parks Tedford Chastain and Hannah Jane Leifel, Nashville, Tennessee, for the appellant, AGCS Marine Insurance Company.

Gregory Lee Cashion and William Lombard Fitts, Nashville, Tennessee, and David G. Jordan and Jeffrey J. Vita, Trumbull, Connecticut, for the appellee, Turner Construction Company.

## OPINION

### FACTS AND PROCEDURAL HISTORY

Turner Construction Company ("Turner") was the construction manager on an apartment/retail construction project. Turner ordered cabinets from a Turkish company, and the cabinets were shipped to Charleston, South Carolina. Once at the Charleston port,

the cabinets were found to have formaldehyde levels that exceeded the Environmental Protection Agency ("EPA") regulations, and the EPA ordered them to be quarantined. Turner was ordered to remove the back panels from the cabinets in order to correct the EPA violation.

AGCS Marine Insurance d/b/a Allianz Global Corporate and Specialty ("Allianz") issued an inland marine policy to Turner that was effective during the relevant time period, and Turner filed a claim with Allianz for delays in retrieving the cabinets, replacement costs, and business income losses. The policy insured against "all risk of direct physical loss or damage to property." Allianz denied the claim based upon its position that none of the damages were covered.

Turner filed this lawsuit on February 18, 2022, asserting causes of action for breach of contract, breach of good faith and fair dealing, and breach of Tenn. Code Ann. § 56-7-105 (concerning bad faith refusal to pay). Allianz filed a motion for summary judgment asserting that excessive levels of formaldehyde did not fall within the insuring agreement. The trial court denied the motion for summary judgment in an order entered on June 2, 2023, finding that there had been a "direct physical loss of or damage to" the cabinets. On June 30, 2023, Allianz filed a motion for entry of final judgment pursuant to Tenn. R. Civ. P. 54.02. On August 10, 2023, the trial court directed the entry of the final judgment "as to the issue of whether the plaintiff suffered direct physical loss under the policy." Allianz appealed.

On December 15, 2023, this Court ordered the parties to show cause why the appeal should not be dismissed on the grounds that the order appealed did not dispose of an entire claim or party and was thus not subject to certification as a final judgment under Rule 54.02. By order of January 4, 2024, which was reiterated on January 10, 2024, this Court reserved judgment on the issue of Rule 54.02 certification and directed the parties to address the issue in their briefs.

ANALYSIS

As a general rule, an appellate court has jurisdiction only over a final judgment. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); s*ee also* TENN. R. APP. P.3; Laura T. Kidwell, It Is So Ordered: A Primer on Tennessee's Final Judgment Rule, 60 TENN. B. J., Mar./Apr.2024 at 16, 17. Tennessee Rule of Civil Procedure 54.02(1), however, provides:

> When more than one claim for relief is present in and action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, Rule 54.02 "is an exception" to the final order requirement. *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). The exception applies only if the order completely resolves a claim or eliminates a party. *Bayberry*, 783 S.W.2d at 558. The determination of whether the certified judgment meets these requirements presents a question of law, which is reviewed de novo. *See Ingram v. Wasson*, 379 S.W.3d 227, 238 (Tenn. Ct. App. 2011).

We conclude that the trial court only resolved one part of the breach of contract claim. The insurance contract in question not only provides for coverage for "direct physical loss of or damage to property," but also contains exclusions to coverage. While the trial court found that the coverage provision applied, it also found that Allianz did not prove the exclusions for summary judgment purposes and "reserved the application of the exclusions for trial." Without a determination regarding the exclusions, liability on the breach of contract claim cannot be established or rejected. Therefore, the claim was not resolved, and the Rule 54.02 certification was inappropriate.

Because we have determined that the order was not final, we have no jurisdiction to hear the remaining issue.

CONCLUSION

This appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion. Costs are taxed to Appellee, Turner Construction Company, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE